BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -2 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE SUGAR INDUSTRY
ANTITRUST LITIGATION

)
)   DOCKET NO. 201
)

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

## I.   Background of the Litigation

On December 19, 1974, the United States filed two criminal
actions and three civil injunctive actions in the Northern Dis-
trict of California against several sugar refiners, charging them
with violations of the Sherman Antitrust Act, 15 U.S.C. §1.
In the first indictment the government alleged that defendants
Great Western Sugar Co., Holly Sugar Corp., California and
Hawaiian Sugar Co. (C&H), American Crystal Sugar Co., Amalgam-
ated Sugar Co. and unnamed co-conspirators unlawfully conspired
to fix the price of sugar in the area known within the industry
as the Chicago-West territory.  One of the civil actions was
identical to this indictment except for the addition of the
National Sugarbeet Growers Federation, an agricultural coopera-

---

\*   Although Judge Wisdom was not present at the hearing,
he has, with the consent of all parties, participated
in this decision.

- 2 -

tive, as a defendant.  In the second indictment and a companion

civil action the government charged defendants C&H, Holly,

Consolidated Foods Corp. and unnamed co-conspirators with

unlawfully conspiring to fix the price of sugar in the area known

within the industry as the California-Arizona territory.  The

third civil action contained allegations that defendants C&H,

Utah-Idaho Sugar Co. and unnamed co-conspirators unlawfully

agreed to prevent and suppress the sale of private label sugar

in the area known within the **industry** as the Intermountain-

Northwest territory.

Subsequently, 21 private actions concerning alleged anti-

trust violations in the sugar industry were filed in four differ-

ent districts:  nine in the Northern District of California,

nine in the Northern District of Illinois, two in the Western

District of Washington and one in the District of Minnesota. [1]

Taken as a whole, they involve the same defendants as those in

the five government actions with the addition of Spreckels Sugar Co.

and, for the most part, involve allegations that track one or more

of the allegations asserted in the government's actions.  All

21 actions, except for one of the Washington actions, are brought

as class actions on behalf of various purchasers of sugar.

[1]  In addition, the parties anticipate several tag-along actions.
See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255,
259-60 (1975).

- 3 -

Every private action, except the Minnesota action, is now
before the Panel for Section 1407 consideration as a result of
three motions by certain defendants to transfer some or all of
these actions and a show cause order issued by the Panel. [2/]
Defendants C&H and the Union Sugar Division of Consolidated Foods
Corp. separately move the Panel to transfer the entire litigation
to the Northern District of California.  Defendants Amalgamated,
Great Western, Holly and the National Sugarbeet Growers Federation
jointly move the Panel to separate and transfer to the District
of Colorado all the actions or claims concerning the Chicago-West
territory.  Baldi Candy Co., plaintiff in one of the Illinois actions,
supports the motion to separate the Chicago-West actions and claims,
but contends that they should be transferred to the Northern Dis-
trict of Illinois.  The plaintiffs in the two Washington actions
and defendant Spreckels  oppose transfer of the Washington actions.
Most of the remaining parties favor transfer of all actions
to California.

We find that these actions involve common questions of fact
and that their transfer to the Northern District of California
for coordinated or consolidated pretrial proceedings pursuant to

---

[2/] The Minnesota action was filed after the motions were made
and the show cause order was issued.  On the day of the Panel
hearing, the Minnesota plaintiffs agreed to be bound by this
decision and, since all the defendants in that action are
already before the Panel, it is included in the transfer
we are herewith ordering under Section 1407.

- 4 -

28 U.S.C. §1407 will best serve the convenience of the parties
and witnesses and promote the just and efficient conduct of the
litigation.

II.  <u>The Question of Transfer</u>

The real issue confronting us is whether the entire litigation
should be transferred to a single district under Section 1407 or
whether the litigation should be split between two or more trans-
feree forums.

Several defendants and one plaintiff maintain that the actions
and claims concerning the Chicago-West market are factually dis-
tinct from the rest of the litigation and should therefore be
treated separately.  They contend that the Chicago-West aspect
of the litigation involves a different geographic market, mostly
different parties and witnesses, and a different alleged conspir-
acy.

The plaintiffs in the two Washington actions and defendant
Spreckels argue that the Washington actions bear virtually no resem-
blance to the government actions or the other private actions and
should therefore remain in the Western District of Washington.
These parties contend that the Washington complaints, instead,
are based upon an earlier action, <u>1812 Distributing Corp. v.
Utah-Idaho Sugar Co.</u>, Civil Action No. 633-72C2 (W.D. Wash.,
filed October 4, 1972), which is assigned to the Honorable George
H. Boldt.  They also maintain that Judge Boldt has gained a famil-

iarity with the two actions now before the Panel, which he has consolidated before himself with the 1812 action, and that transfer would result in a loss of his expertise.

We reject these requests to divide the litigation and are persuaded that all the private actions, regardless of the market area involved, share common questions of fact on the economic and conspiratorial issues. At the very least, C&H's presence as a defendant in every action, which obviously includes all three market areas, certainly gives rise to common factual issues. Thus, transfer of all actions to a single district for coordinated or consolidated pretrial proceedings will prevent duplication of discovery and eliminate the possibility of inconsistent pre-trial rulings. Discovery on any non-common issues or any issues unique to a particular market area or a particular defendant can proceed concurrently with discovery on the common issues. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

Assuming arguendo that separate conspiracies are involved, based on the three different market areas, we still reject the contention that either the Chicago-West actions and claims or the Washington actions should be carved away from the remainder of the litigation for separate Section 1407 proceedings. We previously confronted a similar problem in In re Plumbing Fixture

Cases, 295 F. Supp. 33 (J.P.M.L. 1968), wherein one group of defendants objected to Section 1407 proceedings on the grounds that the actions were based upon separate conspiracies, that discovery would not be common to all actions and that their group of defendants would be prejudiced by coordinating discovery in their actions with discovery in the other actions in which they were not parties and had no interest.  Although we recognized the separability of the alleged conspiracies, we nevertheless transferred all the actions to one district.  In so doing, we found that the actions shared common questions of fact on the economic, technical and conspiratorial issues, and left to the transferee judge the sole power to determine in his discretion the order and procedures for conducting separate pretrial proceedings with respect to the separate alleged conspiracies.  Likewise, in In re Midwest Milk Monopolization Litigation, 379 F. Supp. 989 (J.P.M.L. 1974), certain parties argued that transfer was inappropriate since different geographic markets were involved.  We again rejected the invitation to bifurcate the litigation and ordered all actions transferred to a single district under Section 1407.  In the instant litigation, also, the benefits to be gained from having all actions under the supervision of a single judge outweigh any arguments favoring a division of the litigation for pretrial proceedings according to geographic markets or alleged conspiracies

There is another highly persuasive reason for transferring all these actions to one district for pretrial proceedings. We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists. <u>See</u>, <u>e.g.</u>, <u>In re Plywood Antitrust Litigation</u>, 376 F. Supp. 1405, 1406 (J.P.M.L. 1974); <u>In re Equity Funding Corporation of America Securities Litigation</u>, 375 F Supp. 1378, 1385-86 (J.P.M.L. 1974). Here, all but one of the actions contain Rule 23 class allegations, some of which overlap or duplicate each other, and, therefore, the need for Section 1407 treatment is apparent.

Finally, our decision to transfer all the actions to Judge Boldt renders moot the contention that transferring the Washington actions would result in a loss of the expertise he has gained. His retention as the judge for the Washington actions will preserve the posture of those actions and his designation as the transferee judge will have the salutary effect of placing control of the coordinated or consolidated pretrial proceedings in the hands of a judge who has had an opportunity to become acquainted with the issues. With an overall perspective of the litigation and the continued cooperation of counsel, Judge Boldt will be able to design a pretrial program that will avoid duplication, minimize the expense to the parties and ensure the just and expeditious termination of the entire litigation.

III.  Selection of the Transferee District

Clearly, the Northern District of California is the most
appropriate transferee district for this litigation.  We have
frequently held that the pendency of a related government action
in a particular district is an important factor in selecting
the transferee forum.  See, e.g., In re Toilet Seat Antitrust
Litigation, 387 F. Supp. 1342, 1344 (J.P.M.L. 1975);  In re West
Coast Bakery Flour Antitrust Litigation, 368 F. Supp. 808, 809
(J.P.M.L. 1974).  Transfer of the present litigation to the
Northern District of California will best facilitate the coordi-
nation that will no doubt be necessary between the private actions
and the five seminal government criminal and civil actions which
are pending there.  In addition, the documents upon which the
grand jury relied in returning its indictments will very likely
be sought by the various private litigants and those documents are
located in the Northern District of California.  Moreover, that
district appears to be the most convenient forum for a majority of
the parties and witnesses and is the preference of most of the
parties.

IT IS THEREFORE ORDERED that all actions listed on the
following Schedule A pending in districts other than the Northern
District of California be, and the same hereby are, transferred
to the Northern District of California and, with the consent
of that court, assigned to the Honorable George H. Boldt, sitting

- 9 -

by designation pursuant to 28 U.S.C. §292(b), for coordinated or
consolidated pretrial proceedings pursuant to 28 U.S.C. §1407
with the actions already pending in that district and listed
on Schedule A.

SCHEDULE A                                      DOCKET NO. 201

WESTERN DISTRICT OF WASHINGTON

The State of Washington, etc. v.              Civil Action
Utah-Idaho Sugar Co.                          No. C-75-29T

Washington Beverages, Inc., et al.            Civil Action
v. Utah-Idaho Sugar Co.                       No. C-75-34T

NORTHERN DISTRICT OF CALIFORNIA

Eng-Skell Co. v. California & Hawaiian         Civil Action
Sugar Co., et al.                             No. C74-2689-SW

Sun Garden Packing Co., etc. v.               Civil Action
Consolidated Foods Corp., et al.              No. C74-2687-WHO

Zim's Restaurants, Inc., etc. v.              Civil Action
Utah-Idaho Co., et al.                        No. C74-2695-AJZ

Paoli's Restaurant, Inc., et al. v.           Civil Action
Consolidated Foods Corp., et al.              No. C74-2711-OJC

Zim's Restaurants, Inc., etc. v.              Civil Action
California & Hawaiian Sugar Co.               No. C74-2698-WHO

Fantasia Confections, Inc., etc. v.           Civil Action
Utah-Idaho Co., et al.                        No. C74-2727-OJC

Fantasia Confections, Inc., etc. v.
California & Hawaiian Sugar Co., et al.        Civil Action
                                              No. C74-2728-SC

Raleys, Inc., et al. v. California            Civil Action
& Hawaiian Sugar Co., et al.                  No. C75-0041-WHO

Blums of San Francisco, Inc., et al. v.
California & Hawaiian Sugar Co., et al.        Civil Action
                                              No. C75-0117-WHO

SCHEDULE A                                    DOCKET NO. 201

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Genesis Group, Inc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 669 |
| Superior Beverage Co., Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. 74C 3756 |
| Baldi Candy Co., etc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 225 |
| Heinemann's, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. 75C 298 |
| State of Illinois v. Great Western Sugar Co., et al. | Civil Action No. 75C 350 |
| Plantation Baking Co., Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 418 |
| Zion Industries, Inc., et al. v. Amalgamated Sugar Co., et al. | Civil Action No. 75C 450 |
| Treasure Island Foods, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 486 |
| Home Juice Co. v. Great Western Sugar Co., et al. | Civil Action No. 75C 497 |

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Seeco, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. 4-75-116 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUN 17 1977

IN RE SUGAR INDUSTRY ANTITRUST LITIGATION   )   DOCKET NO. 201/201A
IN RE SUGAR INDUSTRY ANTITRUST LITIGATION   )
  (EAST COAST)                               )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A.
ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, STANLEY A. WEIGEL**,
AND ANDREW A. CAFFREY*, JUDGES OF THE PANEL.

PER CURIAM

I.   PROCEDURAL BACKGROUND

The Panel originally transferred several actions in this
litigation to the Northern District of California and, with the
consent of that court, assigned them to the Honorable George H.
Boldt, sitting by designation, for coordinated or consolidated
pretrial proceedings pursuant to 28 U.S.C. §1407.   In re Sugar
Industry Antitrust Litigation, 395 F. Supp. 1271 (J.P.M.L. 1975).
As of August 1976, 39 tag-along actions pending in fourteen various
federal district courts had been transferred to the Northern
District of California by the Panel for inclusion in the co-
ordinated or consolidated pretrial proceedings.   With the in-
clusion of 27 more tag-along actions originally filed in the
Northern District of California, the total number of actions
pending before the transferee court in August 1976 was 87.

---

*/Judges Becker and Caffrey were unable to attend the Panel hearing
and, therefore, took no part in the consideration or decision of
this matter.
**/Judge Weigel recused himself and took no part in the consideration
or decision of this matter.

On May 20, 1976, Judge Boldt entered an "Opinion and
Order re Class Actions." The court certified separate classes
of industrial users, retail grocers, wholesalers, and agricultural
users for each of the marketing areas known in the sugar industry
as the Chicago-West, California-Arizona and Intermountain-Northwest
territories. In addition, individual classes of governmental
entities were certified for each of the states represented in
the litigation. On July 23, 1976, Judge Boldt denied motions
for reconsideration or certification for appeal of his
class action decision. Certain defendants recently filed a
petition for a writ of mandamus before the United States Court
of Appeals for the Ninth Circuit to set aside Judge Boldt's
class certification order. 1/

A second prong of this litigation, entitled In re
Sugar Industry Antitrust Litigation (East Coast), was established
by the Panel in the Eastern District of Pennsylvania and assigned
to the Honorable Edward N. Cahn for coordinated or consolidated
pretrial proceedings pursuant to 28 U.S.C. §1407. In re Sugar
Industry Antitrust Litigation, 399 F. Supp. 1397 (J.P.M.L. 1975)
(Freedman); 405 F. Supp. 1404 (J.P.M.L. 1975) (Hudson). This
litigation has been denominated MDL-201A.

---

1/Certain defendants also filed a motion before Judge Boldt
requesting that he disqualify himself in MDL-201. Although the
Panel is aware of the allegations made in that motion, the
allegations do not include any matters within the purview of
the Panel and, accordingly, they have not been taken into con-
sideration in the Panel's decision. See also In re Molinaro/
Catanzaro Patent Litigation, 402 F. Supp. 1402, 1406 (J.P.M.L.
1975).

MDL-201A evolved when the Panel considered transfer of the <u>Freedman</u> action from the Eastern District of Pennsylvania as a tag-along action to the litigation in the Northern District of California.   Plaintiffs in <u>Freedman</u> purported to sue on behalf of a class of all persons located throughout the country who manufacture products for resale which use sugar as a component.   Twenty-six defendants were named in <u>Freedman</u>, nine of whom were defendants in the litigation before Judge Boldt and seventeen of whom were new defendants.[2]   The Panel decided to leave <u>Freedman</u> in the Eastern District of Pennsylvania, subject to plaintiffs' implementation of their proposal to dismiss their claims against the eight Western defendants.[3]   The Panel's decision was also subject to plaintiffs' implementation of their proposal to amend the class allegation to include only commercial sugar purchasers in the Eastern portion of the United States, and not to initiate discovery against any of the Western defendants or their employees, with the exception of individuals who worked for an Eastern defendant during the time of alleged conspiracy and who now are employed by a Western defendant.

---

[2] Eight of the nine defendants originally before Judge Boldt are hereinafter referred to as Western defendants.   The ninth defendant is Amstar Corporation.   The seventeen new defendants are hereinafter referred to as Eastern defendants.

[3] At the time of the hearing before the Panel in <u>Freedman</u>, the parties were in general agreement that the Western defendants conducted business primarily west of the Mississippi River, that the Eastern defendants conducted business primarily east of the Mississippi River, and that Amstar conducted business nationwide.

The Panel reasoned as follows:

> We recognize that the dual aspects of this
> litigation are not totally disparate, especially
> in light of Amstar's nationwide role in the sugar
> industry.  Nevertheless, we believe that the east-
> west distinction has enough probability of con-
> tinuation and is presently substantial enough to
> justify bifurcated pretrial proceedings.  The
> difference between defendants, market areas and
> economic and consiratorial issues is significantly
> preponderant.  In addition, the overall con-
> venience of the parties and witnesses would not
> be served by transfer because the solely  Eastern
> defendants, their witnesses and relevant
> documents are located in the eastern United
> States.  Moreover, discovery is advancing ex-
> peditiously in _Freedman_ under the supervision of
> the Honorable Edward N. Cahn.  Furthermore, we
> are confident that Judges Boldt and Cahn will,
> in their mutual discretion, coordinate the pre-
> trial proceedings between _Freedman_ and the
> litigation in California whenever such coordin-
> ation becomes necessary.  For example, regarding
> Amstar in particular, we hope that the parties
> and the judges will design a joint pretrial
> program that will minimize any unnecessary in-
> convenience to Amstar itself and all other parties
> as well.
>
> We stress that our decision to leave this action
> in the Eastern District of Pennsylvania rests
> on our appraisal that plaintiffs' proposal will
> eliminate the possibility that any party, except
> Amstar, will be subjected to duplicative discovery.
> Our decision, therefore, is without prejudice to
> the right of any party to move for transfer at a
> later date if it feels future circumstances so
> require.  _In re Sugar Antitrust Litigation_, 399
> F. Supp. 1397, 1399-1400 (J.P.M.L. 1975).

Subsequent to the transfer of _Freedman_, the _Hudson_ action

was filed in the District of South Carolina by three local plaintiffs,

not as a class action, against three defendants -- Consolidated

Foods, Corp., a Western defendant; Savannah Foods & Industries, Inc.,

an Eastern defendant; and Amstar, a defendant in both MDL-201 and
MDL-201A.   After noting that the plaintiffs in <u>Hudson</u> refused to take steps
similar to those taken by the <u>Freedman</u> plaintiffs in order to maintain
the east-west dichotomy, the Panel transferred the claims against
Consolidated and Amstar to the Northern District of California
and the claim against Savannah to the Eastern District of
Pennsylvania.   <u>In re Sugar Industry Antitrust Litigation</u>, 405
F. Supp. 1404 (J.P.M.L. 1975).

As of August 1976, MDL-201A had grown to include eleven[4/]
actions:   <u>Freedman</u>, part of <u>Hudson</u>, a tag-along action transferred
to the Eastern District of Pennsylvania from the District of
Massachusetts by an unopposed conditional transfer order of the
Panel, and eight tag-along actions originally filed in the Eastern
District of Pennsylvania.

On October 21, 1976, Judge Cahn certified separate classes
of industrial users, retail grocers and institutional users in the
marketing area known in the sugar industry as the Eastern territory.

II.   RECENT DEVELOPMENTS

On May 26, 1976, Waldorf Bakers, Inc., a manufacturer of
retail bakery products, instituted an action in the Eastern
District of Pennsylvania against six Western defendants, eight
Eastern defendants, and Amstar, a defendant in both MDL-201 and
MDL-201A.   Similar to the other complaints in both MDL-201 and
MDL-201A, the complaint in <u>Waldorf</u> alleges that defendants and

---

4/This number includes the <u>Waldorf</u> action, discussed <u>infra</u>.

unnamed co-conspirators unlawfully conspired to establish
artificially the price of refined sugar. The relevant market in
this complaint includes all states situated east of the Mississippi
River [5/] and Puerto Rico. Plaintiff Waldorf seeks to represent a
"national or regional class, as the [c]ourt may determine, of
persons or entities similarly situated, in the business of
utilizing the sugar product complained of." The complaint in Waldorf
alleges that the class consists of all individuals and entities
located in the relevant market who are engaged in the baked
products business and who purchased refined sugar for business
purposes. [6/]

In June 1976, four Western defendants moved the Panel
for an order severing the claims asserted against them in Waldorf
and transferring those claims to the Northern District of
California for inclusion in the coordinated or consolidated
pretrial proceedings in MDL-201. These defendants requested
severance and transfer on the grounds that the claims asserted
against them in Waldorf shared common questions of fact with
those asserted in MDL-201, rather than those asserted in MDL-201A.
In support of this motion were several Eastern defendants

---

5/Unlike the Eastern market described in Judge Cahn's class action
opinion in MDL-201A, the relevant market described by plaintiff
Waldorf overlaps with the Chicago-West market described in Judge
Boldt's class action opinion in MDL-201.
6/It should be noted that Judge Cahn's class action decision did
not deal with the Waldorf action.

and all the plaintiffs other than Waldorf in MDL-201A.   Plaintiff
Waldorf opposed severance and transfer and also requested that the
Panel  reconsider its previous decisions resulting in bifurcated
pretrial proceedings for this litigation and instead transfer all the
actions involving the sugar industry to the Northern District of
California.

Meanwhile, the Jordan action was filed in the Western
District of Pennsylvania by an Eastern plaintiff who seeks to
represent a class of retail grocers in the Eastern market.  Like
the plaintiff in Waldorf, this plaintiff also has named both Eastern
and Western defendants.  The complaint in Jordan, however, alleges a
national conspiracy. In response to a letter by defendant Consolidated
to the Panel suggesting transfer of Jordan to a single forum for
inclusion in Section 1407 proceedings, plaintiff Jordan urged the
Panel to reconsider its initial decision to bifurcate the Eastern
sugar actions from their Western counterparts.  Although Consoli-
dated did not state in its letter its preference of a transferee
forum for this action, Jordan assumed that Consolidated sought
to sever and transfer the claims asserted in Jordan against
Western defendants to the Northern District of California because
this was Consolidated's position concerning the Waldorf action.

About the same time as these events were occurring with
respect to Waldorf and Jordan, additional actions were being filed

elsewhere. The complaint in the A&P Bakery action, pending in
the Southern District of Florida, seeks a class composed of
all wholesalers in the Eastern market, alleges a solely Eastern
conspiracy, but names defendants involved in MDL-201 and MDL-201A,
as well as other defendants not previously named in this litigation.
The Klein action, pending the Southern District of Ohio, is
brought on behalf of a national class of retail grocers. Plain-
tiff Klein alleges a national conspiracy, and also includes
defendants involved in MDL-201, MDL-201A and new defendants.
In the Western District of Missouri, the State of Missouri filed
an action that includes only Western defendants and is restricted
to the Chicago-West market. In the Northern District of Illinois,
the Farm House Foods action was instituted also against only
Western defendants and is limited to the Chicago-West market.
Finally, the Sambo's Restaurants action was commenced in the
Central District of California. The complaint in this action
names the same major defendants involved in MDL-201, and is
limited to the California-Arizona market.

Because of these developments, the four moving de-
fendants in the Waldorf action plus defendant Amstar moved the
Panel to stay the then forthcoming July Panel hearing in which
the transfer of Waldorf was to be considered. It was movants'
position that, in the time permitted before the hearing, neither

the numerous parties affected nor the Panel itself would be able
to deal satisfactorily with the suggestion by certain parties
that the bifurcated pretrial proceedings in this litigation
should be dismantled by transferring all actions to a single
district. As a result, on July 20, 1976, the Panel vacated the
hearing order as it pertained to this matter.

On July 19, 1976, the following three actions were
filed in the Northern District of Illinois: <u>Federal Bake Shops</u>,
<u>Sethness Greenleaf</u>, and <u>Continental Coffee Co</u>. The complaints in
these actions allege a nationwide conspiracy in an Eastern market
and name both Eastern and Western defendants as well as other
defendants not previously sued. On July 20, 1976, plaintiffs in
these three actions filed a memorandum with the Panel opposing
the motion before the Panel to sever the Western claims in the
<u>Waldorf</u> action and to transfer them to the Northern District of
California. In this memorandum, these plaintiffs additionally
requested that the Panel reconsider its bifurcation decision
and instead transfer the entire litigation to California.

After the July Panel hearing, plaintiffs Federal Bake
Shops, Sethness Greenleaf and Continental Coffee Company moved

_____
7/Counsel for plaintiffs in these three actions are counsel for
class representive plaintiffs in the Western litigation. Two of these
counsel are members of the Executive Committee of Plaintiffs'
Steering Committee in that litigation, and a third is the Co-
ordinating Secretary to both Committees. One of these three
plaintiffs, Sethness Greenleaf, is a class representative in
the Western litigation, and has tentatively settled with certain
defendants which it has sued again in its action recently filed
in the Northern District of Illinois.

the Panel for an order transferring their actions to the Northern
District of California for inclusion in the coordinated or con-
solidated pretrial proceedings in MDL-201.  These plaintiffs opposed
any severance of the Western claims and transfer of only those
claims to the Northern District of California.  In support of their
motion, plaintiffs adopted their previously submitted memorandum
concerning the Waldorf action.  As just mentioned, that memorandum
suggested, inter alia, that the Panel reconsider its bifurcation
decision.

Because of the various suggestions made by several
parties, the Panel issued an order to show cause why all actions
pending in the Northern District of California, the Eastern District
of Pennsylvania and elsewhere should not be transferred to a single
district for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407 and why all previous opinions and orders
by the Panel in this litigation should not be vacated and this
entire matter considered by the Panel de novo.

Responses to this order have been filed by most of
the parties to this litigation.  These responses may be broken
down into six basic positions.  First, the bulk of the plaintiffs
and defendants in MDL-201A favor continuation of the present
bifurcated pretrial proceedings, as do two plaintiffs in MDL-201.

- 11 -

Second, American Crystal Sugar Company, a Western defendant, agrees
that this litigation should be bifurcated, but argues that
bifurcation should be based upon the location of the claimant-
purchasers, rather than upon the markets in which defendants
allegedly sell sugar. Third, Plaintiffs' Steering Committee in
MDL-201, and certain other plaintiffs -- including two plain-
tiffs in MDL-201A and plaintiffs in five of the new actions --
favor transfer of all actions to the Northern District of
California. Fourth, three defendants in MDL-201 -- Great Western
Sugar Co., Utah-Idaho Sugar Co., and Amalgamated Sugar Co. --
propose that all the actions in this litigation now be trans-
ferred to a single court (other than Judge Boldt) for
coordinated or consolidated pretrial proceedings pursuant to
Section 1407, and that separate proceedings regarding settlements
in this litigation be assigned to Judge Boldt. Fifth, defendant
Amstar, joined by Western defendant California Beet Growers
Association, move  the Panel to establish a program of co-
ordinated inter-district proceedings. Briefly, Amstar pro-
poses that the Panel select a "litigation supervision judge"
for the purpose, among others, of transferring related actions to
appropriate districts under 28 U.S.C. §1404(a) for both pretrial
proceedings and trial. Amstar also proposes that the Panel
assign all settling actions to a separate "settlement supervision
judge." And sixth, Supreme Sugar Company, Inc., named as a defendant



in the three actions recently filed in the Northern District of
Illinois as well as in Klein and A&P Bakery, moves only that the
three Northern District of Illinois actions be allowed to remain
in that district.  Supreme Sugar states that it has not been
served in the Klein and A&P Bakery actions and apparently takes
no position on the transfer of those actions.

III.  ARGUMENTS OF THE PARTIES

  The parties in favor of maintaining bifurcated pretrial
proceedings argue that the just and efficient conduct of this
litigation would be undermined by merging MDL-201 and MDL-201A.
Judges Boldt and Cahn are expeditiously processing their respective
litigations and are operating on similar timetables, these parties
argue.  There has been no duplication of discovery, it is contended,
and if and when coordination of discovery becomes necessary, both
judges have expressed their intention to minimize any inconvenience
to the parties and witnesses.  To transfer all actions to a single
district at this stage of the proceedings would undermine the sub-
stantial progress made and be wasteful of the judicial effort
already expended, these parties maintain.  They assert that the re-
cently filed actions can efficiently be processed within the frame-
work of the bifurcated proceedings if, as in Hudson, these actions
are carved up by defendants, with claims against Eastern defendants
going to Philadelphia and claims against Western defendants going
to San Francisco.

Although defendant American Crystal agrees that bifurcated pretrial proceedings continue to be the most practical and least disruptive method of conducting the litigation, it urges that bifurcation should be based upon the location of the plaintiffs, rather than upon the markets in which defendants allegedly sell sugar. Thus, American Crystal argues, actions brought on behalf of Eastern purchasers should be transferred to the Eastern District of Pennsylvania, and actions brought on behalf of Western purchasers should be transferred to the Northern District of California. The few actions filed on behalf of allegedly national classes should be bifurcated, it is asserted, with the claims of the Eastern purchasers assigned to Judge Cahn in Philadelphia and those of Western purchasers assigned to Judge Boldt in San Francisco. American Crystal contends that bifurcation according to the location of the purchasers will minimize the need to split individual actions and preserve the integrity of the substantial pretrial proceedings that have already taken place.

The parties favoring transfer of all actions to the Northern District of California point out that the Panel originally ordered bifurcated pretrial proceedings on the assumption that "[t]he difference between defendants, market areas and economic and conspiratorial issues is significantly pro- ponderant." 399 F. Supp. at 1400. These parties contend that

recent events, such as the discovery of the presence of certain
defendants in both Eastern and Western markets, the filing of
actions involving national class allegations or national con-
spiracy allegations, and the consequent necessity of nationwide
discovery, demonstrate that transfer of all actions to one
district has now become necessary.  While bifurcation may have been
a satisfactory solution to the problem of an individual action
brought against only three defendants (Hudson), or where the
plaintiff stipulates to forego any Western discovery (Freedman),
these parties assert, it falls far short of meeting the
challenges presented by the massive litigation now before the
Panel.

Three defendants in MDL-201 propose that all actions
should be transferred to a single court (other than Judge Boldt)
for coordinated or consolidated pretrial proceedings pursuant
to Section 1407, and that separate proceedings regarding settlements
in this litigation should be assigned to Judge Boldt.  These three
defendants argue that plaintiffs in the recently filed national
conspiracy actions show no willingness to accept the compromises
in Freedman and Hudson that have enabled bifurcation to continue
on a limited scale.  Because those plaintiffs apparently intend
vigorously to pursue their nationwide conspiracy allegations,
the three defendants contend, bifurcation has now become artificial
inasmuch as the parties in each forum will be obliged to seek

duplicative discovery at enormous and needless expense.  More-
over, the three defendants argue, bifurcated pretrial pro-
ceedings in the face of these nationwide allegations raise a
high likelihood of inconsistent or overlapping rulings in every
phase of the litigation.  For example, these defendants suggest a
single forum is needed to resolve issues of class certification:
Judge Boldt has certified a number of purely Western classes,
Judge Cahn has certified various Eastern classes -- and the new
actions assert classes and markets which might engulf them all.
A single forum is essential, it is asserted, to reevaluate the
entire proceedings to date in light of the new allegations.

Defendant Amstar, joined by Western defendant
California Beet Growers Association, argue that even the present
bifurcated pretrial proceedings have proven themselves too complex
and burdensome to be administered properly without seriously
affecting the parties' due process rights.  Amstar asks the
Panel to appoint a "litigation supervision judge" for the pur-
pose, among others, of transferring related actions to appro-
priate districts under 28 U.S.C. §1404(a) for both pretrial
proceedings and trial.  Amstar argues that this litigation is
composed of five separate groups of actions, each of which is
characterized by a number of unique and overriding factual
questions centering upon the various markets in which purchases
were made.  Thus, Amstar proposes, the "litigation supervision
judge" should establish four separate forums for actions brought,



respectively, by or on behalf of purchasers in the Intermountain-Northwest, California-Arizona, Chicago-West and Eastern markets. Actions involving allegations of regional or national conspiracies should be transferred according to the location of the purchasers, Amstar asserts. And all actions brought by or on behalf of purchasers of industrial molasses for agricultural use should be transferred to a fifth district, Amstar maintains. In addition, Amstar requests that the Panel appoint a "settlement supervision judge."

Finally, Supreme Sugar Co., a sugar refiner located in Louisiana, argues that transfer of the three Northern District of Illinois actions in which it is a defendant would not lead to any added convenience to parties and witnesses. The Northern District of Illinois is as convenient for Supreme Sugar as any other district, except one in Louisiana, it is argued, and the Northern District of Illinois is the choice of venue of plaintiffs. Moreover, Supreme Sugar contends that transfer and participation in coordinated or consolidated pretrial proceedings would impose serious financial burdens upon it.

IV. HOLDING

We have concluded that the just and efficient conduct of the entire litigation will best be advanced by maintaining the present coordinated or consolidated pretrial proceedings in the Northern District of California and in the Eastern District of Pennsylvania. We also find that the ten recently filed actions

share common questions of fact with each other and with the
actions previously transferred to the Northern District of
California[8] and that transfer of the ten recently filed actions
to that district for inclusion in the pretrial proceedings
there will best serve the convenience of the parties and witnesses
and promote the just and efficient conduct of the entire liti-
gation.

V.    REASONING

On the basis of the record before us, it is abundantly
clear that pretrial proceedings in both MDL-201 and MDL-201A are
proceeding expeditiously.  Judges Boldt and Cahn have become
extremely well acquainted with the underlying facts in this complex
litigation, and their experience will be invaluable in processing
the entire litigation to a just and efficient conclusion.  Thus,
we conclude that the just and efficient conduct of all actions
in this litigation can best be promoted by continuing the present
bifurcated format.

Of the recently filed actions, the complaints in
Sambo's, Farm House Foods and Missouri are brought by or on behalf
of Western plaintiffs, involve only Western defendants and Amstar,
allege solely Western conspiracies and therefore are clearly
appropriate for transfer to the Northern District of California.

---

[8]/No party disputes the existence of common questions of fact
among these actions.

The complaints in the other seven recently filed actions, however, all include allegations that give rise to national implications.  The complaints in <u>Waldorf</u> and <u>Klein</u> involve purported national classes, and name defendants involved in MDL-201 and in MDL-201A.  Plaintiff Klein additionally alleges a national conspiracy and names new defendants.  In <u>Jordan</u>, <u>Sethness Greenleaf</u>, <u>Continental Coffee</u> and <u>Federal Bake Shops</u>, plaintiffs allege a national conspiracy and include defendants involved in MDL-201 and in MDL-201A.  New defendants are also added to the complaints in the latter three actions.  Plaintiffs in <u>A&P Bakery</u> name defendants involved in MDL-201 and in MDL-201A, as well as new defendants.  Thus, because of the presence of national class allegations, because of the inclusion of national conspiracy allegations, or because no plaintiff in these seven actions apparently is voluntarily willing to bifurcate the Eastern and Western aspects of its action in a fashion similar to that undertaken by the plaintiffs in <u>Freedman</u>, none of these seven recently filed actions neatly fits into either MDL-201 or MDL-201A.

We are persuaded that these seven actions, in their entirety, should be transferred to a single district so that one judge may determine the propriety of the proposed national classes, supervise the pretrial of the national conspiracy allegations, and supervise the pretrial concerning the relationship among Western defendants, Eastern defendants, Amstar and new defendants,

collectively, in the various markets.  Thus there will be no possibility of duplicative discovery or conflicting pretrial rulings on these overriding questions.[9/]

On balance, we find that these seven actions are best suited for inclusion in the pretrial proceedings in the Northern District of California.  Because of the number[10/] and nature of the actions there, Judge Boldt has already become acquainted with the facts and issues as they apply to three of the four major sugar marketing regions in the nation.  In addition, on the basis of the record before us, it appears that the pretrial proceedings in the Northern District of California are somewhat more advanced than those in the Eastern District of Pennsylvania.

We recognize that under this decision the potential for overlap between MDL-201 and MDL-201A exists, especially because of the national class and conspiracy allegations, as well as the presence in both MDL-201 and MDL-201A of Eastern defendants and Amstar.  In our earlier opinions in Freedman and Hudson, we also anticipated that the dual aspects of the pretrial proceedings in this litigation might well result in some duplicative discovery.  399 F. Supp. at 1399-1400; 405 F. Supp. at 1407.  MDL-201 and MDL-201A have now been pending for more than a year, however, and there apparently has been a minimum of

---

9/Under our decision, portions of the Hudson action, which in-cludes allegations of a national conspiracy, will remain before both judges.  As previously noted, this action is not a class action and names only three defendants -- Consolidated, a Western defendant; Savannah, an Eastern defendant, and Amstar.  We leave the manner and degree of coordination concerning Hudson's national conspiracy allegations to the discretion of Judges Boldt and Cahn.

10/MDL-201 presently includes more than eight times as many actions as MDL-201A.

overlap or conflict between them.  While the parties in favor
of transfer of all actions to a single district assert that
recently discovered facts may necessitate some nationwide dis-
covery and that the Western plaintiffs already have encountered
some difficulties in obtaining discovery from Eastern defendants
and Amstar, certain Western plaintiffs candidly admitted at the
hearing on this matter that they have made no efforts whatsoever
to present any potential or actual discovery conflicts to Judge
Boldt or Judge Cahn, or both, for resolution.  Transcript at 38-40,
70.  As we stated in Hudson,

> [w]e reiterate our confidence that Judges Boldt and
> Cahn will, in their mutual discretion, coordinate
> the pretrial proceedings in both transferee districts
> whenever such coordination becomes necessary and we
> again express our hope that the parties and judges
> will design a joint pretrial program that will mini-
> mize any unnecessary inconvenience to Amstar and all
> other parties as well.  (Emphasis added.)  405 F. Supp.
> at 1407.

It is apparent to us that any difficulties or conflicts that the
parties may have encountered to date have been caused by their
reluctance, if not recalcitrance, to present problems to the
judges and to work together with each other and the judges to
develop a coordinated pretrial program between MDL-201 and
MDL-201A.  For example, notices for a particular deposition
could be filed in both the Northern District of California and
the Eastern District of Pennsylvania, thereby making the de-
position applicable in each proceeding.  The parties could also

move Judges Boldt and Cahn to enter orders providing that within
a specified time period after the conclusion of the deposition
of any witness, a party who did not attend the deposition may
move to redepose the witness on the ground that the absent
party's interests were inadequately protected at the initial
examination.  See Manual for Complex Litigation, Parts 1 and 2,
§§2.31 (rev. ed. 1973).  In addition, the parties might seek a stipu-
lation among themselves, or orders from both judges, that all discovery
taken in either MDL-201 or MDL-201A is applicable to both groups of
actions.  See also Manual, supra, Parts 1 and 2, §§3.11.  Furthermore,
if any party files a motion that it feels may be proper for the judges'
joint consideration, the motion could be noticed in both jurisdictions
and the judges could, in their mutual discretion, sit together
for resolution of that particular matter.  Thus, when and if
the parties in either MDL-201 or MDL-201A properly raise questions
concerning either discovery or pretrial rulings that might result
in duplication or conflict between MDL-201 and MDL-201A, we re-
main confident that Judges Boldt and Cahn will effectively
coordinate their own efforts and the efforts of the parties.

        We find no merit in defendant Amstar's proposal to
fragment this litigation further by assigning separate groups of
actions to five different judges who would process their actions
under the guidance of an overall "litigation supervision judge" and
with the assistance of a "settlement supervision judge."  This proposal
would cause an unnecessary imposition on judicial manpower and,
more importantly, by increasing the number of pretrial proceedings

in this litigation the proposal would increase the possibility of
duplicative discovery and conflicting pretrial rulings.

Finally, we must reject the arguments of Supreme Sugar
that the three Northern District of Illinois actions in which it
is a defendant should be allowed to remain in that district. Al-
though Supreme Sugar argues that its inclusion in coordinated or
consolidated pretrial proceedings would result in an unreasonable
financial burden upon it, Supreme Sugar is named as a defendant
not only in three actions in the Northern District of Illinois,
but also in the Klein action pending in the Southern District of
Ohio and in the A&P Bakery action in the Southern District of
Florida.$\frac{11}{}$ Thus, absent transfer under Section 1407, Supreme Sugar
would likely be compelled to defend against related actions in
three separate forums. We are convinced that Supreme Sugar will
discover that by participation in coordinated or consolidated pre-
trial proceedings and through the concomitant streamlining of all
endeavors in the actions in which it is a defendant, an overall
savings in terms of both efforts and resources will result not
only for itself but also for all other parties to these actions.

---

11/Supreme Sugar states that although it has been named as a
defendant in Klein and A&P Bakery, it has not been served in
either of those actions. We have held, however, that "the power
of the Panel and the courts to effectuate a transfer under §1407
is not vitiated by the transferor court's lack of personal juris-
diction over a defendant." In re Library Editions of Children's
Books, 299 F. Supp. 1139, 1142 (J.P.M.L. 1969). We also note that
Supreme Sugar was given timely notice of the Panel's order to show
cause in this litigation and therefore has had ample opportunity to
respond to that order.

IT IS THEREFORE ORDERED that all previous opinions and orders in this litigation, <u>In re Sugar Industry Antitrust Litigation</u>, 395 F. Supp. 1271 (J.P.M.L. 1975), 399 F. Supp. 1397 (J.P.M.L. 1975) and 405 F. Supp. 1404 (J.P.M.L. 1975), be, and the same hereby are, reaffirmed, and that all actions listed on the following Schedule A shall remain in the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 before the Honorable George H. Boldt, sitting by designation, and that all actions listed on the following Schedule B shall remain in the Eastern District of Pennsylvania for coordinated or con-solidated pretrial proceedings pursuant to 28 U.S.C. § 1407 before the Honorable Edward N. Cahn.

IT IS FURTHER ORDERED that all actions listed on the following Schedule C be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions previously transferred to that district and listed on Schedule A.

SCHEDULE A

DOCKET NO. 201 -- IN RE SUGAR INDUSTRY ANTITRUST LITIGATION

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eng-Skell Co. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74-2689-SW |
| Sun Garden Packing Co., etc. v. Consolidated Foods Corp., et al. | Civil Action No. C74-2687-WHO |
| Zim's Restaurants, Inc., etc. v. Utah-Idaho Co., et al. | Civil Action No. C74-2695-AJZ |
| Paoli's Restaurant, Inc., et al. v. Consolidated Foods Corp., et al. | Civil Action No. C74-2711-OJC |
| Zim's Restaurants, Inc., etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74-2698-WHO |
| Fantasia Confections, Inc., etc. v. Utah-Idaho Co., et al. | Civil Action No. C74-2727-OJC |
| Fantasia Confections, Inc., etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74-2728-SC |
| Raleys, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-0041-WHO |
| Blums of San Francisco, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-01170WHO |
| Superior Beverage Co., Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75-1121-GHB |
| Baldi Candy Co., etc v. Great Western Sugar Co., et al. | Civil Action No. C75-1122-GHB |
| Heinemann's, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75-1123-GHB |
| State of Illinois v. Great Western Sugar Co., et al. | Civil Action No. C75-1124-GHB |

Plantation Baking Co., Inc., etc. v. Great          Civil Action
Western Sugar Co., et al.                            No. C75-1125-GHB

Zion Industries, Inc., et al. v. Amalgamated        Civil Action
Sugar Co., et al.                                   No. C75-1126-GHB

Treasure Island Foods, Inc., etc. v. Great          Civil Action
Western Sugar Co., et al.                            No. C75-1127-GHB

Home Juice Co. v. Great Western Sugar Co.,           Civil Action
et al.                                              No. C75-1128-GHB

The State of Washington, etc. v. Utah-              Civil Action
Idaho Sugar Co., et al.                             No. C75-1129-GHB

Washington Beverages, Inc., et al. v. Utah-         Civil Action
Idaho Sugar Co., et al.                             No. C75-1130-GHB

Genesis Group, Inc. v. Great Western Sugar          Civil Action
Co., et al.                                         No. C75-1120-GHB

Seeco, Inc., et al. v. Great Western Sugar          Civil Action
Co., et al.                                         No. C75-1131-GHB

Food Mart-Eureka Corp., et al. v. California        Civil Action
& Hawaiian Sugar Co., et al.                        No. C75-0504-GHB

Board of Education of the City of Berkeley,         Civil Action
et al. v. California and Hawaiian Sugar Co.,         No. C75-0782-GHB
et al.

Owens Enterprises, Inc., et al. v. California       Civil Action
& Hawaiian Sugar Co., et al.                        No. C75-0505-GHB

State of California v. California & Hawaiian        Civil Action
Sugar Co., et al.                                   No. C75-1401-GHB

Mother's Cake & Cookie Co. v. California &          Civil Action
Hawaiian Sugar Co., et al.                          No. C75-1404-GHB

Zarda Brothers Dairy, Inc. v. California &          Civil Action
Hawaiian Sugar Co., et al.                          No. C75-1696-GHB

Brothers Restaurants, Inc. v. Amalgamated           Civil Action
Sugar Co., et al.                                   No. C75-1606-GHB

Schedule A - p. 3

| | |
|---|---|
| Steak-O-Rama, Inc., et al. v. Amalgamated Sugar, et al. | Civil Action No. C75-1674-GHB |
| 1812 Distributing Corp., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-1129-GHB |
| Northwest Candy, Inc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-1454-GHB |
| Grist Mill Co., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75-1555-GHB |
| Schulze & Burch Biscuit Co. v. Great Western Sugar Co., et al. | Civil Action No. C75-1554-GHB |
| Merchants Restaurant, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75-1553-GHB |
| Ewald Brothers, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75-1455-GHB |
| State of Minnesota v. Great Western Sugar Co., et al. | Civil Action No. C75-1456-GHB |
| General Bottlers, Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1546-GHB |
| King Kelly Marmalade Co., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1545-GHB |
| Scandia Bakery, etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1424-GHB |
| State of Oregon, etc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-1441-GHB |
| ITT Continental Baking Co. v. Great Western Sugar Co., et al. | Civil Action No. C75-1544-GHB |
| ITT Continental Baking Co. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1543-GHB |

Schedule A - p. 4

| | |
|---|---|
| E. O. Hudson, Sr., et al. v. Savannah Food and Industries, Inc., et al. | Civil Action No. C76-0014-GHB |
| Smith Cookie Co. v. The Amalgamated Sugar Co., et al. | Civil Action No. C75-1730-GHB |
| Bresler Ice Cream Co. v. Great Western Sugar Co., et al. | Civil Action No. C75-1908-GHB |
| International Industries, Inc., et al. v. California & Hawaiian Sugar Co. | Civil Action No. C75-1909-GHB |
| International Industries, Inc., et al. v. California & Hawaiian Sugar Co. | Civil Action No. C75-1910-GHB |
| International Industries, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1911-GHB |
| Orange Julius of America v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1912-GHB |
| The Paniplus Co., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75-1973-GHB |
| Passengers Restaurants, Inc. v. Great Western Sugar Co. | Civil Action No. C75-2024-GHB |
| State of Colorado v. Great Western Sugar Co., et al. | Civil Action No. C75-1931-GHB |
| Milford Canning Co. v. Great Western Sugar Co., et al. | Civil Action No. C75-2025-GHB |
| Tri-R Vending Service Co. v. Amalgamated Sugar Co., et al. | Civil Action No. C75-2026-GHB |
| Sethness Greenleaf Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75-2027-GHB |
| Courtesy Food Mart, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75-2277-GHB |
| The State of Kansas, etc. v. Great Western Sugar Co., et al. | Civil Action No. C75-2350-GHB |

Schedule A - p. 5

| | |
|---|---|
| The State of Arizona v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-2581-GHB |
| United A. G. Cooperative, Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75-1756-GHB |
| Missouri Farmers Association, et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1808-GHB |
| John's Food Centers, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-1824-GHB |
| Benner Tea Co., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75-1957-GHB |
| Harold Freund Baking Co., et al. v. California & Hawaiian Sugar Co. | Civil Action No. C75-2190-GHB |
| CFS Continental - L. A. Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75-2191-GHB |
| Schwan's Sales Enterprises, Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75-2457-ACW |
| American Bakeries Co. v. Amalgamated Sugar Co., et al. | Civil Action No. C75-2495-GHB |
| Armand's Inc., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-2561-GHB |
| International Kings Table, Inc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-2563-GHB |
| International Kings Table, Inc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-2564-GHB |
| Northwest Packing Co., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-2619-GHB |
| Imperial Preserves, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C76-0085-GHB |
| Goelitz Confectionery Co. v. Amalgamated Sugar Co., et al. | Civil Action No. C76-0113-GHB |

Schedule A - p. 6

| | |
|---|---|
| Topsy's International, Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76-0281-GHB |
| Interstate Brands Corp. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76-0280-GHB |
| Interstate Brands Corp. v. Great Western Sugar Co., et al. | Civil Action No. C76-0288-GHB |
| The State of Indiana v. Great Western Sugar Co. | Civil Action No. C76-0214-GHB |
| Ramiro Martinez, etc. v. Great Western Sugar Co., et al. | Civil Action No. C76-0701-GHB |
| Pepsi-Cola Bottling Co. of Topeka, Inc. v. Great Western Sugar Co., et al. | Civil Action No. C76-0702-GHB |
| The State of Nevada, et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76-0719-GHB |
| Mid-America Dairymen, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76-1082-GHB |
| M. A. Lopez Supermarket, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C76-1438-GHB |
| State of Montana, etc. v. Great Western Sugar Co., et al. | Civil Action No. C76-0533-GHB |
| DiGiorio Corp. v. Amstar Corp. | Civil Action No. C76-0544-RFP |
| The State of California v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76-0561-GHB |
| Madelyne Brinker v. Amalgamated Sugar Co., et al. | Civil Action No. C76-0562-GHB |
| State of Wisconsin v. Great Western Sugar Co., et al. | Civil Action No. C75-2400-GHB |
| Clarence Heckel, et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75-2562-GHB |

SCHEDULE B

DOCKET NO. 201A -- IN RE SUGAR INDUSTRY ANTITRUST LITIGATION
(EAST COAST)


## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Milton W. Freedman, et al. v. Amalgamated Sugar Co., et al. | Civil Action No. 75-515 |
| E. O. Hudson, Sr., et al. v. Savannah Foods & Industries | Civil Action No.  76-3766 |
| Better Bake Shop, Inc., et al. v. Amstar Corp., et al. | Civil Action No.  76-138 |
| Luigi's Trattoria, Inc., etc. v. Amstar Corp. | Civil Action No. 75-2245 |
| Owen & Mowrey, Inc. v. Amstar Corp., et al. | Civil Action No. 75-2621 |
| Leonard Greenberg v. Amstar Corp., et al. | Civil Action No. 75-2519 |
| Pascal's Manale Restaurant, Inc. v. Amstar Corp., et al. | Civil Action No. 75-2520 |
| Montelepre Memorial Hospital, Inc. v. Amstar Corp. | Civil Action No. 75-2521 |
| Stotter & Co. v. Amstar Corp., et al. | Civil Action No.  75-3301 |
| Francois Jacquemoux, Inc., etc. v. Amstar Corp., et al. | Civil Action No. 76-366 |

SCHEDULE C

DOCKET NO. 201 -- IN RE SUGAR INDUSTRY ANTITRUST LITIGATION
DOCKET NO. 201A - IN RE SUGAR INDUSTRY ANTITRUST LITIGATION
(EAST COAST)

### WESTERN DISTRICT OF PENNSYLVANIA

A. C. Jordan, etc. v. Amalgamated Sugar Co.,          Civil Action
et al.                                                No. 76-878

### SOUTHERN DISTRICT OF FLORIDA

A & P Bakery Supply & Equipment Co., Inc.             Civil Action
v. Amstar Corp., et al.                               No. 76-1164-Civ-PF

### SOUTHERN DISTRICT OF OHIO

Eugene Klein, etc. v. Amalgamated Sugar Co.,          Civil Action
et al.                                                No. C-1-76-370

### NORTHERN DISTRICT OF ILLINOIS

Federal Bake Shops, Inc., etc. v. Amalgamated         Civil Action
Sugar Co., et al.                                     No. 76 C 2637

Sethness Greenleaf, Inc., etc. v. Amalgamated         Civil Action
Sugar Co., et al.                                     No. 76 C 2635

Farm House Foods Corporation v. Great                 Civil Action
Western Sugar Co., et al.                             No. 76 C 2702

Continental Coffee Company of Florida v.              Civil Action
Amalgamated Sugar Co., et al.                         No. 76 C 2636

### CENTRAL DISTRICT OF CALIFORNIA

Sambo's Restaurants, Inc. and M & F. Packing          Civil Action
Co. v. California & Hawaiian Sugar Co.,                No. 76-2029-LTL
et al.

### WESTERN DISTRICT OF MISSOURI

State of Missouri, etc. v. Great Western              Civil Action
Sugar Co., et al.                                     No. 76 Cv 141 C

### EASTERN DISTRICT OF PENNSYLVANIA

Waldorf Bakers, Inc. v. Amstar Corp., et al.          Civil Action
                                                      No. 76-1672

DOCKET NO. 201/201A

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SUGAR INDUSTRY ANTITRUST LITIGATION
IN RE SUGAR INDUSTRY ANTITRUST LITIGATION (EAST COAST)

ORDER

It appearing that seven defendants in the above-captioned litigation have either moved or joined in motions for the Panel to reconsider its opinion and order of January 17, 1977, and to transfer or remand some or all of the actions listed on the attached Schedule A from the Northern District of California to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1407, and

It appearing that, in the alternative, defendant Glades County Sugar Growers Cooperative Association (Glades) has moved the Panel to transfer all claims asserted by plaintiffs against Glades in any of the actions listed on Schedule A to the Eastern District of Pennsylvania, and

The Panel having fully considered these matters on the basis of the papers filed, [1]

IT IS ORDERED that these motions be, and the same hereby are, DENIED.

FOR THE PANEL:

John Minor Wisdom
Chairman

---

[1] The Panel has deemed these matters submitted on the basis of the papers filed.  See Rule 13(b), R.P.J.P.M.L., 65 F.R.D. 253, 263 (1975).

### NORTHERN DISTRICT OF CALIFORNIA

Waldorf Bakers, Inc. v. Amstar Corp., et al.
C.A. No. C77-191-GHB

Sethness Greenleaf, Inc., etc. v. Amalgamated
Sugar Co., et al., C.A. No. C77-197-GHB

Federal Bake Shops, Inc., etc. v. Amalgamated
Sugar Co., et al., C.A. No. C77-198-GHB

Continental Coffee Co. of Florida v. Amalgamated
Sugar Co., et al., C.A. No. C77-194-GHB

Eugene Klein, etc. v. Amalgamated Sugar Co.,
et al., C.. A. No. C77-199-GHB

A & P Bakery Supply and Equipment Co., Inc. v.
Amstar Corp., et al., C.A. No. C77-0200

A. C. Jordan, etc. v. Amalgamated Sugar Co.,
et al., C.A. No. C77-189-GHB

defendants and Amstar, allege solely Western conspiracies
and therefore are clearly appropriate for transfer to the
Northern District of California.

The complaints in the other seven recently filed actions,
however, all include allegations that give rise to national
implications.  The complaints in Waldorf and Klein involve
purported national classes, and name defendants involved in
MDL-201 and in MDL-201A.  Plaintiff Klein additionally al-
leges a national conspiracy and names new defendants.  In
Jordan, Sethness Greenleaf, Continental Coffee and Federal
Bake Shops, plaintiffs allege a national conspiracy and
include defendants involved in MDL-201 and MDL-201A.  New
defendants are also added to the complaints in the latter
three actions.  Plaintiffs in A & P Bakery name defendants
involved in MDL-201 and in MDL-201A, as well as new defen-
dants.  Thus, because of the presence of national class
allegations, because of the inclusion of national conspiracy
allegations, or because no plaintiff in these seven actions
apparently is voluntarily willing to bifurcate the Eastern
and Western aspects of its action in a fashion similar to
that undertaken by the plaintiffs in Freedman, none of
these seven recently filed actions neatly fits into either
MDL-201 or MDL-201A.

We are persuaded that these seven actions, in their
entirety, should be transferred to a single district so
that one judge may determine the propriety of the proposed
national classes, supervise the pretrial of the national
conspiracy allegations, and supervise the pretrial
concerning the relationship among Western defendants,
Eastern defendants, Amstar and new defendants, collec-
tively, in the various markets.  Thus there will be no
possibility of duplicative discovery or conflicting
pretrial rulings on these overriding questions.

On balance, we find that these seven actions are best
suited for inclusion in the pretrial proceedings in the
Northern District of California.  Because of the number
and nature of the actions there, Judge Boldt has already
become acquainted with the facts and issues as they apply
to three of the four major sugar marketing regions in the
nation.  In addition, on the basis of the record before
us, it appears that the pretrial proceedings in the
Northern District of California are somewhat more advanced
than those in the Eastern District of Pennsylvania.

We recognize that under this decision the potential for
overlap between MDL-201 and MDL-201A exists, especially
because of the national class and conspiracy allegations,
as well as the presence in both MDL-201 and MDL-201A of
Eastern defendants and Amstar. . . . [However], when and

if the parties in either MDL-201 or MDL-201A properly
raise questions concerning either discovery or pretrial
rulings that might result in duplication or conflict be-
tween MDL-201 and MDL-201A, we remain confident that Judges
Boldt and Cahn will effectively coordinate their own efforts
and the efforts of the parties. In re Sugar Industry
Antitrust Litigation, 427 F. Supp. 1018, 1025-27
(J.P.M.L. 1977) (footnotes omitted).

On March 28, 1977, the Panel denied motions brought
by various defendants to reconsider the Panel's January 17,
1977 decision and to transfer or remand certain actions from
the Northern District of California to the Eastern District of
Pennsylvania pursuant to 28 U.S.C. §1407.  In addition, the
Panel denied the alternative motion of defendant Glades County
Sugar Growers Cooperative Association (Glades) to transfer all
claims asserted by plaintiffs in MDL-201 against Glades to the
Eastern District of Pennsylvania for inclusion in MDL-201A.

The complaint in Garcia, pending in the Western District
of Texas, is brought on behalf of a class composed of retail grocers
in the Chicago-West market [2/], alleges a national conspiracy, and
names defendants included in both MDL-201 and MDL-201A.
Because Garcia appeared to share questions of fact with the
actions previously transferred to the Northern District of
California, the Panel issued an order to show why Garcia
should not be included in MDL-201. [3/]

Only Glades, a defendant in Garcia and in four

2/  A similar class already has been certified in MDL-201.

3/  See Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

other actions recently transferred to the Northern District
of California, opposes the inclusion of <u>Garcia</u> in MDL-201 [4/] .
Glades' position concerning <u>Garcia</u> is precisely the same as
its position on the motions for reconsideration of the
Panel's January 17, 1977 decision [5/].  Glades requests the
Panel to transfer <u>Garcia</u> to the Eastern District of Pennsyl-
vania.  Should the Panel decide to transfer <u>Garcia</u> to MDL-201,
Glades alternatively requests the Panel to transfer the claims
against Glades in <u>Garcia</u> to MDL-201A. Glades argues that it should
be required to appear only in MDL-201A because it is a very
small Florida-based concern and does no business in the
markets involved in MDL-201.

        We find that <u>Garcia</u> shares common questions of
fact with the actions previously transferred to the Northern
District of California and that inclusion of <u>Garcia</u> in the
pretrial proceedings there will best serve the convenience
of the parties and witnesses and promote the just and
efficient conduct of this litigation.

        In our opinion and order of January 17, 1977, we
considered and rejected arguments very similar to those now
made by Glades.  See <u>In re Sugar Industry Antitrust Litigation</u>,

---

4/  Another defendant, South Coast Corp., originally opposed the
inclusion of <u>Garcia</u> in MDL-201, but withdrew this opposition in
light of our January 17, 1977 opinion and order.

5/  It should be noted that Glades' arguments concerning <u>Garcia</u>
were made in conjunction with its arguments on its motion for
reconsideration.  Glades did not address the question of <u>Garcia's</u>
transfer under Section 1407 after the Panel denied the motions
for reconsideration and Glades' alternative motion on  March
28, 1977.

_supra_, 427 F. Supp. at 1025, 1027.  Glades' motion raises no considerations or arguments not previously carefully considered by the Panel, and under our January opinion and order _Garcia_ clearly should be transferred to MDL-201.

IT IS THEREFORE ORDERED that the action entitled _Saul Garcia, d/b/a Airport Grocery, etc. v. Amalgamated Sugar Co., et al._, W.D. Texas, C.A. NO. MO-76-CA-71, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions in the above-captioned litigation already pending in that district.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

IN RE SUGAR INDUSTRY ANTITRUST LITIGATION )
IN RE SUGAR INDUSTRY ANTITRUST LITIGATION )
(EAST COAST) )

DOCKET JUN 30 1977. 201/201A

) PATRICIA D. HOWARD
) CLERK OF THE PANEL

Saul Garcia, d/b/a Airport Grocery, etc. )
v. Amalgamated Sugar Co., et al., W.D. )
Texas, C.A. No. MO-76-CA-71 )

201
6/30/77

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER*, JUDGES OF THE PANEL.

PER CURIAM

On January 17, 1977, the Panel issued an opinion
and order that maintained bifurcated pretrial proceedings[1]
in this litigation and transferred certain recently filed
actions to the Northern District of California for inclusion
in the Section 1407 proceedings pending there. Concerning
these ten recently filed actions, the Panel stated:

> We . . . find that [these] actions share common ques-
> tions of fact with each other and with the actions pre-
> viously transferred to the Northern District of California
> and that transfer of the ten recently filed actions to that
> district for inclusion in the pretrial proceedings there
> will best serve the convenience of the parties and wit-
> nesses and promote the just and efficient conduct of the
> entire litigation. . . .
>
> Of the recently filed actions, the complaints in
> Sambo's, Farm House Foods and Missouri are brought by or
> on behalf of Western plaintiffs, involve only Western

---

[1]/MDL-201 in the Northern District of California before Judge
George H. Boldt and MDL-201A in the Eastern District of
Pennsylvania before Judge Edward N. Cahn.
*/Judges Lord and Harper were unable to attend the Panel hearing
and, therefore, took no part in the consideration or decision of
this matter.